[Civ. No. 2939. First Appellate District, Division One.—July 18, 1919.]

F. W. SCHMALING, Appellant, v. A. B. SWAIN et al., Respondents.

[1] Principal and Agent—Authority to Sell Real Estate—Unauthorized Contract.—Under a written contract authorizing real estate agents to sell certain lots of land for a stated sum per acre net to the owners, the terms of sale to be "not less than one-fifth cash down, and the balance in four equal annual installments, with interest on deferred payments payable semi-annually, quarterly or monthly at the rate of six per cent per annum," such agents might sell the lots for as much more than such stated sum per acre as they are able to obtain, the surplus to be their reward, in any event the transaction to be a cash transaction; but one of them has no authority, either in his own name or in the name of the owners, to enter into a contract binding the owners to sell one of the lots to a person taking as part payment the equitable interest of such person in an entirely different tract of land in which such owners had no interest but which such agent had contracted to convey to such purchaser.

APPEAL from a judgment of the Superior Court of Sonoma County. Emmet Seawell, Judge. Affirmed.

The facts are stated in the opinion of the court.

E. B. Mering and J. R. Gilbert for Appellant.

Geary & Geary for Respondents.

RICHARDS, J.—This is an appeal from a judgment in favor of the defendants in an action instituted by the plaintiff to recover the sum of $2,550, claimed to have been paid to an authorized agent of the defendants upon a purchase of a piece of real estate which the latter refused to consummate.

The facts of the case, regarding which there is practically no dispute, are as follows: The defendants were the owners of a certain tract of land in Sonoma County, consisting

---

1. Validity of contract executed by real estate broker under express authority but containing terms not expressly authorized, note, Ann. Cas. 1914D, 1087.

of about eighty acres, which had been subdivided into lots,
each embracing ten acres, more or less. On June 25, 1914,
the said defendants entered into a written contract with
Charles P. Wagner and Charles P. Rogers, real estate
agents, by which they agreed to employ the latter as their
exclusive agents for a period of six months to sell said
tract of land according to the map of the subdivision
thereof at $175 net per acre to the owners, "terms to be
not less than one-fifth cash down, and the balance in four
annual equal installments, with interest on deferred pay-
ments payable semi-annually, quarterly or monthly, at the
rate of six per cent per annum. All payments on account of
principal to be divided equally between the first and second
parties hereto until the parties of the second part shall
have received the difference under each contract between
the sale price as above stipulated. Time is of the essence
of this agreement." At some time prior to the date of
the above contract the plaintiff herein had bought from
Charles P. Wagner a piece of land in another tract with
which the defendants herein had no connection, and had
paid to said Wagner as part of the purchase price thereof
the sum of one thousand five hundred dollars. The plain-
tiff had become dissatisfied with that transaction, where-
upon Wagner, who had in the meantime obtained from the
defendants the foregoing contract, proposed to the plaintiff
that he would take the land embraced in his former pur-
chase back, and would allow the said sum of one thousand
five hundred dollars which the plaintiff had paid thereon
to be applied upon the purchase price of lot 10 of the de-
fendants' tract of land. In so proposing Wagner did not
disclose to the plaintiff the defendants' ownership of said
land, or the fact that he was their agent, but, on the con-
trary, purported to deal with said lot 10 thereof as his
own; and, the plaintiff having agreed to this exchange,
Wagner made a written agreement with him in his own
name, by which he agreed to sell and convey to said plain-
tiff said lot 10 for the sum of two thousand six hundred
dollars, in gold coin of the United States, payable and to
be paid as follows: "Fifteen hundred dollars at the date
of this agreement, and the remainder in two equal install-
ments of five hundred and fifty dollars, together with
interest at the rate of six per cent per annum on the un-

paid balance due after each payment, payable annually, on the first Monday of May, 1916 and 1917, thereafter until the whole amount of this contract and interest is fully paid." This contract between Wagner and the plaintiff was dated April 8, 1915, and upon its execution the plaintiff handed back to Wagner his prior contract for the purchase of the former tract, paying him no money, but receiving a credit of one thousand five hundred dollars upon the purchase price of lot 10. A day or two after this latter transaction Wagner wrote a letter to the defendants, wherein he stated that he had received a deposit of $50 on lot 10, "to be closed about May 1st," and from time to time thereafter during the next few months wrote other letters assuring the defendants that "the deal on lot 10" was still good, but never informing them as to the actual transaction. In the meantime he procured from the plaintiff two additional payments of five hundred dollars each on the purchase price of lot 10 by agreeing to make a discount of one hundred dollars on the amount remaining due. Having thus obtained practically the whole of the purchase price of said lot 10 from the plaintiff, but having neither disclosed the facts of the transaction to the defendants nor made any remittance to them of the moneys so received, Wagner absconded, leaving for parts unknown, learning which some time later, the plaintiff demanded of the defendants a conveyance of said lot 10 of their tract under his written agreement with Wagner. The defendants repudiated the entire transaction, whereupon the plaintiff commenced this action for the recovery of the money claimed by him to have been paid to their agent, Wagner, under the plaintiff's said written agreement with him.

The foregoing facts were established by the testimony of the plaintiff himself upon the trial of the case. The court gave its judgment for the defendants, and the plaintiff appeals.

Upon this appeal the appellant urges several contentions involving the authority which the defendants conferred upon Wagner and his associate, through their written contract with them, to execute contracts for the sale of the subdivisions of their tract of land and to receive payments thereon. The respondents combat the propositions thus urged, and on their part contend that said Wagner had no

authority under his said contract with them to enter into
an agreement in his own name for the sale of any portion
of their lands. It does not seem to us, however, that the
exigencies of this case require us to decide these counter-
contentions of the parties, for the following reason, which
seems to us decisive of this case; for, conceding that the
contract between Wagner and the defendants created an
agency ample enough to have empowered the former to
make and enter into such an agreement as the one which
is embodied in the writing between Wagner and the plain-
tiff herein, and conceding that had such writing expressed
the actual contract between the plaintiff and Wagner, the
defendants, as the latter's undisclosed principals, would
have been bound thereby, the fact remains, as disclosed by
the plaintiff's own testimony, that the real and only exist-
ing contract between the plaintiff and Wagner was not
that which the writing expressed, but was an entirely dif-
ferent contract, and was one which clearly the said Wagner,
under his written agency from the defendants, had no au-
thority to make. [1] The written contract of agency
between Wagner and the defendants authorized him to sell
the lots in the defendants' tract of land for $175 per acre
net to them, the terms of each of such sales to be "not
less than one-fifth cash down, and the balance in four equal
annual installments, with interest on deferred payments
payable semi-annually, quarterly, or monthly at the rate of
six per cent per annum." Under this contract the agents
might sell the lots in said tract for as much more than
$175 per acre as they were able to obtain, the surplus to
be their reward, but in any event the transaction was to
be a cash transaction. Was the transaction between the
plaintiff and Wagner a cash transaction? Not at all, in
so far as the primary credit upon the purchase price of
the lot in question is concerned. The plaintiff herein had
an equitable interest in another tract of land which Wag-
ner, acting entirely independently of these defendants, had
contracted to convey to him. He had no longer any in-
terest in or control over the money which he had paid to
Wagner upon this first transaction, and there is no evi-
dence that Wagner had any portion of that particular
money or its equivalent in other funds on hand at the time
of the second transaction out of which the present cause

of action is claimed to have arisen. On the contrary, a very strong inference arises out of the proven facts of the case that Wagner had neither said money nor its equivalent on hand at the time; and this being so, the transaction, as the plaintiff himself explains it, amounted to nothing more than an attempted exchange of the equity held by him in the property which was the subject of his former purchase for a like equity in the property of the defendants. It requires neither argument nor authority to uphold our view that Wagner, under his contract of agency with the defendants, had no authority to bind them or their property by engaging, either in his own name or in their names, in such a transaction.

This disposes of any necessity for determining just what power Wagner and his associate possessed under the terms of their agency to execute contracts calling for sales of the defendants' said property according to the terms specified in the writing defining such agency; nor what authority they, or either of them, had to accept money upon such sales, since no such actual transaction is before this court. It follows that upon the plaintiff's case, as made out by his own testimony, the trial court rightly determined that the plaintiff had not made out his case. Its judgment in favor of the defendants must, therefore, be affirmed.

It is so ordered.

Kerrigan, J., and Waste, P. J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on August 16, 1919; and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on September 15, 1919.

All the Justices concurred.